BOSTONIAN NATIONAL SHOE STORES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. A. MEYER SHOE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BOSTONIAN SHOE SALES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 91259, 91260, 91261.    Promulgated February 14, 1939.

*Joseph K. Moyer*, Esq., for the petitioners.
*Stanley B. Pierson*, Esq., for the respondent.

OPINION.

STERNHAGEN: The Commissioner in determining the 1934 deficiencies of the petitioners reduced the January 1, 1934, opening inventory of each by a proportionate part of $47,261.71. The following statement was made in the deficiency notice to the Bostonian Shoe Stores, Inc.:

Article 113 (a) (11)-1, Regulations 86, provides in part as follows:
—"The basis of property after a consolidated return period shall be the same as immediately prior to the close of such period. This rule is applicable, for instance, to the making of separate returns by the members of an affiliated group of corporations for taxable years beginning after December 31, 1933, due to the withdrawal under the law of the privilege of making consolidated returns. For example, if a corporation has been a member of an affiliated group which has made a consolidated return on the calendar year basis for the taxable year 1933 and is required to make a separate return for the taxable year 1934 and succeeding taxable years, the value of the opening inventory to be used in computing such corporation's net income for the taxable year 1934 is the proper value of the closing inventory used in computing the consolidated net income for the preceding taxable year."

In accordance with the above, since your company was a member of the consolidated group, consisting of Commonwealth Shoe & Leather Company (Parent), H. A. Meyer Shoe Company, Bostonian Shoe Sales Corporation and your company, which filed a consolidated return for the taxable year 1933, and since there was an adjustment made in that year for intercompany profit in inventories in the amount of $47,261.71, representing closing inventories for the year 1933; an adjustment is made herein on the same basis to your opening inventory for the taxable year for your proportionable part of the above amount, computed as follows:

Closing inventories for the year ended December 31, 1933:

| | |
|---|---|
| (a) Bostonian National Shoe Stores, Inc | $225,860.08 |
| (b) Bostonian Shoe Sales Corporation | 51,224.46 |
| (c) H. A. Meyer Shoe Company | 17,398.49 |
| Total | $294,483.03 |

Intercompany profit deducted and allowed, 1933_____ $47, 261. 71

Amount of intercompany profit applicable to each computed as follows:

(a) $\dfrac{225,860.08}{294,483.03} \times \$47,261.71 = \$36,248.38$

(b) $\dfrac{51,224.46}{294,483.03} \times \$47,261.71 = 8,221.04$

(c) $\dfrac{17,398.49}{294,438.03} \times \$47,261.71 = 2,792.29$

Total_____ $47, 261. 71

In assailing this determination the petitioners contend that their opening inventories should properly reflect cost and that true cost is the amount paid to the seller regardless of the fact that for the purposes of the consolidated return of the previous year the elimination of intercompany profit of the affiliated seller has operated correlatively to recognize an equally reduced cost to the affiliated buyer.

In our opinion, the opening inventory of each petitioner is properly to be adjusted to accord with the closing inventory of the affiliated group appearing on the return of the preceding year. This is what the statute seems to us clearly to contemplate and the regulations clearly and properly to provide. This legislative purpose we should be careful not to defeat by an attenuated exception involving the interrelation of the petitioners' inventories and their affiliation. Both features are peculiarly subservient to the administrative control of the Commissioner because of their technical nature, and Congress has as to both bestowed upon the Commissioner extraordinary regulatory power to prescribe the terms of conformity to the statutory intent. *Securities Allied Corporation*, 36 B. T. A. 168, 174; affd., 95 Fed. (2d) 384; certiorari denied, 305 U. S. 617. The report of the Senate Finance Committee preceding the 1928 Act[1] supports the Commissioner as

[1] SEC. 113 (a) (12). BASIS OF PROPERTY ACQUIRED DURING AFFILIATION.

There is no provision in existing law prescribing rules for the determination of the basis after the period of affiliation of property acquired by a corporation from another corporation with which it is affiliated, during the period of affiliation. As a general rule, gain or loss has not been recognized on such intercompany transactions. It is highly important that in such cases the basis in the hands of the corporation after the affiliation should be the same as it would be if still in the hands of the corporation by which the property was brought into the affiliated group, in accordance with the present interpretation of the Treasury, except in those cases where a proper adjustment of the basis should be made. The transactions, however, are so varied and complex that it is impossible by statute to prescribe a definite rule of general application and consequently it is necessary to delegate to the commissioner power to prescribe regulations legislative in character under which the basis will be determined for the computation of gain or loss, and depletion and depreciation, laying down in the section the general standard to guide the commissioner that intercompany transactions should be disregarded if gain or loss was not recognized. The basis thus determined will be applicable in determining the basis in the case of inventories. The term "period of affiliation" is defined to include the period during which the filing of consolidated returns was mandatory, as well as the period during which under the 1921 and subsequent acts the corporations were affiliated and filed consolidated returns. It is provided by a committee amendment that in the case of property acquired during 1929 or subsequent taxable years during a period of affiliation for which a consolidated return is made, the basis shall be determined under the legislative regulations prescribed by the commissioner under section 141(b).

well here under the 1934 Act, for it is no less important that the basis of inventories should be carried along when it has served to exclude from tax a profit which would otherwise have been taxable.

The power of Congress is no longer debatable, *Taft* v. *Bowers*, 278 U. S. 470. The exercise of the power to project the basis from one era into another is found in section 113 and is specifically applied in a wide variety of cases. In subdivision (1) it is expressly applied to inventories, and in subdivision (11) it is applied to affiliated corporations and delegated to the Commissioner to administer by regulation. The Commissioner has expressly covered the subject in Regulations 86, article 113 (a) (11)–1, which appears in the notice of deficiency and is already quoted.

There is, in view of this clear history and purpose and in view also of the infinite variety of specific situations to be covered, no justification for meticulous application in accordance with a restrictive definition of each word found in the regulation. Thus the term "*proper value*" of the earlier closing inventory may not afford an argument for a refined meaning to defeat the general purport of the authorized regulation.

Many cases are cited by both counsel, but most of them have but a remote significance and serve more to confuse than to illumine. We refrain from discussing them because of the danger of clouding the general clear import of the statute. None we think is irreconcilable with the respondent's determination.

The intercompany profit of $47,261.71 eliminated in the consolidated closing inventory of 1933 was comprised of 1933 profit of $14,929.27 and prior years' profit of $32,332.44. The petitioners urge that only the $14,929.27 may be added to their 1934 opening inventories. This view must be rejected. The intercompany profit which served to reduce the closing inventory of 1933 was the entire amount of both the current year and the earlier years. Hence its continued omission from the 1934 opening inventories is in conformity with the statutory purpose.

In apportioning the $47,261.71 reduction, the Commissioner used the total inventory shown in each petitioner's return as the factor of apportionment. The record contains evidence of the part of each petitioner's inventory representing intercompany purchases from which the eliminated intercompany profits were derived. Such figures appear in the findings. In our opinion they constitute the proper factors for apportionment of the total $47,261.71, and upon that basis the correct inventory of each petitioner is set forth in the final finding of fact.

*Decision will be entered under Rule 50.*